**NOT FOR PUBLICATION** **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPILLERMAN HILL, | |
| Petitioner, | Civil Action No. 14-353 (FSH) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER GARY M. LANIGAN, et al., | |
| Respondents. | |

This matter comes before the Court upon Petitioner's submission of a habeas petition styled as a 28 U.S.C. § 2241 application and application for *in forma pauperis* status; and

It appearing that Petitioner is a state prisoner confined at Northern State Prison in Newark, New Jersey; and

To the extent that Petitioner intends to challenge his confinement under 28 U.S.C. § 2241, the Court is without § 2241 jurisdiction to entertain such challenges, regardless of their procedural/substantive merits or deficiencies. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). It is 28 U.S.C. § 2254 that confers jurisdiction on a federal court to entertain writs of habeas corpus filed by a petitioner who in custody pursuant to a state court judgment. Applications under § 2254 are subject to the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Such standards include

issues of timeliness of the application, custody of the litigant under the order that he is challenging, and exhaustion requirements. A state prisoner's challenge to denial of parole are, as are challenges to the imposed sentence, § 2254 claims that must be filed in accordance with AEDPA; and

It appears that here the sole challenge Petitioner might raise is a timely, duly exhausted § 2254 petition; and

The Court having no information as to whether Petitioner raised that challenge in a timely manner under AEDPA and the Court having no certainty that Petitioner duly exhausted his challenges in state court, this Court finds it unwarranted to *sua sponte* deem that the instant Petition is a § 2254 application. However, out of caution, the Court will direct the Clerk to commence a new and separate § 2254 matter for Petitioner, in which Petitioner would be allowed an opportunity to detail the timeliness, exhaustion and substance of his challenge in the event he so desires; therefore

IT IS on this 18th day of March, 2014;

**ORDERED** that the Clerk shall terminate this matter for lack of § 2241 jurisdiction by making a new and separate entry on the docket of this matter reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

**ORDERED** that the Clerk shall commence a new and separate matter for Petitioner, designating "SPILLERMAN HILL" as "Petitioner" and "COMMISSIONER GARY M. LANIGAN," KAREN HUGHES," "MR. JAMES PLOUSIS," AND NEW JERSEY STATE PAROLE BOARD," as "Respondents," "Cause" as "28:2254 Petition for Writ of Habeas Corpus (State,)" and "Nature of Suit" as "530 Habeas Corpus (General)," and shall assign that new matter to the undersigned; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in that new matter and Petitioner's application (docketed in the latter with the docket text reading "PETITIONER'S ORIGINAL SUBMISSION ASSERTING AN INCORRECT JURISDICTIONAL BASIS"); and it is further

**ORDERED** that the Clerk shall terminate that new matter by making a new and separate entry on the docket of that matter reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

**ORDERED** that Petitioner may reopen that new matter by submitting, within thirty days from the date of entry of this Order, an amended pleading which details his claims under § 2254 and shows cause as to why the challenges should not be dismissed with prejudice as untimely and/or dismissed without prejudice as unexhausted in state court; and it is finally

**ORDERED** that the Clerk of the Court serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank form to be used in the filing of a 28 U.S.C. § 2254 petition, and enclose in the mailing a copy of the docket sheet generated in the new matter which was opened for Petitioner.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge